## Case No. 6,145a.

### HARRISON v. The SUSAN LUDWIG.

[Betts, Scr. Bk. 268.]

District Court, S. D. New York. May 4, 1853.

SALE OF VESSEL WITHOUT NOTICE TO OWNERS—
DIVESTITURE OF TITLE.

[A vessel when sold by the master, without notice to the owners, was safely anchored in the harbor of St. Thomas, and not exposed to any immediate peril. She was of feeble structure and adjudged unseaworthy, and was liable to destruction by being worm-eaten. It did not appear that with slight repairs she could not have been brought home, or that she would have been materially worse if continued in her then situation until her owners were heard from. Held. that the sale did not divest the owners of their title.]

[This was a libel in rem by Alexander T. Harrison against the schooner Susan Ludwig, her tackle, etc., to recover possession.]

Before BETTS, District Judge.

The schooner was sold by order of the master, at auction, at St. Thomas, under the assumption of a case of extreme necessity, and that her total loss would follow without such step.

Held, that the master has no power to sell a vessel of his own authority, unless it appears on the spot that such sale is indispensable, and there be satisfactory evidence that he proceeded in entire good faith. The evidence of the master to the necessity and the up-

rightness of his own conduct is of cardinal importance, and the clearest reasons must be furnished for not producing it. He is bound to use the credit and means at his command to preserve the vessel, and also to communicate with his owners, and repair the vessel so as to bring her to the best port of repair practicable; and cannot sell her merely on his judgment, or that of surveyors, that her sale would best promote the interests of her owners. The master's powers in such case are strictly limited; and the more modified rule of maritime law in that respect does not depart from the fundamental principle that the necessity of a sale must be of so urgent a character as not to admit of any other alternative without imminent hazard of a total loss. This vessel had not been disabled at sea; she was safely anchored, and not exposed to any immediate peril. She was of a feeble structure and adjudged not seaworthy, and was liable to destruction by being wormeaten; but it does not appear in the proofs she could not, with slight repairs, have been brought to the United States, or that she would have been materially worse if she continued in her then situation until her owners were heard from. Her hull and spars, with small bower anchor, were sold for $40. Held that the libellants are not divested of their ownership by the sale, and that a decree be entered to deliver the vessel to them. Question of costs reserved.